UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Edward Johnson,

      Plaintiff,

        v.                                 Civil Action No. 2:12-cv-138

Andrew Pallito, Commissioner,
Vermont Department of Corrections,

      Defendant.

## REPORT & RECOMMENDATION
(Doc. 42)

Edward Johnson, a Vermont inmate proceeding *pro se*, claims (1) that he was

wrongfully terminated from his job in the prison kitchen, and (2) that he was treated

unlawfully during the investigation of a missing handcuff key. Defendant Andrew

Pallito, Commissioner of the Vermont Department of Corrections ("DOC"), previously

moved to dismiss on several grounds, including Eleventh Amendment immunity and lack

of personal involvement. The Court granted the motion to dismiss, while also granting

Johnson leave to amend his Complaint.

Now pending before the Court is Pallito's Motion to Dismiss the Amended

Complaint. For the reasons set forth below, I recommend that the Motion to Dismiss

(Doc. 42) be GRANTED, and that Johnson be granted further leave to amend.

## Factual Background

Johnson claims that on or about June 24, 2010, Northeast Regional Correctional

Facility ("NERCF") food service supervisor Robert Blake hired him to work in the prison

kitchen.  The following day, a different supervisor, Daniel Souliere, allegedly terminated

him from the kitchen job on the ground that Johnson had not been out of disciplinary

segregation for thirty days prior to being hired.  Johnson claims that Souliere then

proceeded to hire another inmate who had previously been fired for fighting.  Johnson

asserts that his firing violated his rights under the Eighth Amendment, as well as his

rights to equal protection and due process.

Johnson next alleges that on January 11, 2011, NERCF officials conducted an

investigation regarding a missing handcuff key.  Johnson and two other inmates were

reportedly identified as suspects.  Johnson claims that although he was placed in

administrative segregation during the investigation, the two other suspects were allowed

to stay in general population.  This differential treatment, he claims, violated his rights

under the Eight Amendment and his right to equal protection.  Construing his claims

liberally, Johnson may also be alleging that his segregation violated his right to due

process.

Johnson asserts that these events caused him "mental anguish, stress, suffering"

and "los[s] of personal property."  (Doc. 4 at 6.)  For relief, he is seeking $1.5 million in

monetary damages, Souliere's demotion or termination, and eradication of the handcuff-

key incident from his prison record.

## Procedural History

On August 20, 2012, DOC Commissioner Pallito, as the sole Defendant in the

case, moved to dismiss for failure to state a claim, arguing that: (1) the claim for

monetary damages against Pallito in his official capacity was barred by the Eleventh

Amendment; (2) Johnson failed to exhaust all available administrative remedies; (3) the Complaint failed to allege any physical injury; (4) there was no allegation of Pallito's personal involvement; and (5) the claims failed to allege a violation of a constitutional right or federal law. (Doc. 9.) Johnson subsequently filed a Motion to Amend to add several individuals as Defendants, but offered no additional facts in support of his claims. (Doc. 13.)

In a Report and Recommendation ("R&R") dated November 26, 2012 (Doc. 14), I recommended that the Court grant Pallito's motion to dismiss, concluding: that the Eleventh Amendment barred the recovery of monetary damages from Pallito in his official capacity; that Pallito's lack of personal involvement barred Johnson's equal protection and due process claims; and that Johnson's Eighth Amendment claims, together with one of his due process claims, failed on the merits. The R&R further recommended that Johnson be granted leave to file an Amended Complaint, and noted that any amendment "must contain all claims against all parties as it will supersede the original Complaint in all respects," and that it "must include 'a redlined version of the proposed amendment clearly designating additions and deletions' as well as a 'non-redlined reproduction of the entire amended filing' as required by Rule 15 of the Local Rules of Civil Procedure for the District of Vermont." (Doc. 14 at 21.) Johnson's pending Motion to Amend (Doc. 13) was found to be inadequate and thus denied.

The Court adopted the R&R in full and allowed Johnson thirty days to file an Amended Complaint. On December 20, 2012, Johnson timely filed his Amended Complaint. (Doc. 18). However, as with his previous Motion to Amend, Johnson's

filing named additional Defendants but failed to assert any facts with respect to those Defendants. The filing also failed to contain "all claims" as required by the R&R.

On February 6, 2013, Johnson again moved to amend, stating that "there's a witness but I don't know his name." On March 11, 2012, mindful of Johnson's *pro se* status, the Court granted the motion and allowed Johnson twenty-one days to file another (Second) Amended Complaint. The Court specifically instructed "**that an Amended Complaint takes the place of the original Complaint, effectively invalidating the original Complaint**," and that "the Amended Complaint, if filed, **must** set forth all of Johnson's claims against all Defendants in a short plain statement using numbered paragraphs." (Doc. 33 at 3 (emphases in original).) The Court also warned that "[f]ailure to timely file an Amended Complaint may result in the dismissal of the case." (*Id.*)

On March 25, 2012, Johnson filed a document purporting to be the "amendment that the court has granted me," explaining his "hope[] that this amendment don't change my original complaint," and expressing confusion about the Court's prior rulings. (Doc. 40.) The document did not take the form required by the Court's Order of March 11, 2012, and instead assumed the incorporation of allegations set forth in the initial Complaint. With respect to named parties, Johnson stated only that he is "suing the state." (*Id.*) The document was docketed as an Amended Complaint and a summons issued to the State of Vermont.

Now before the Court is Pallito's Motion to Dismiss Johnson's (Second) Amended Complaint. (Doc. 42.)

## Discussion

**I.       Motion to Dismiss**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a)(2).  In *Iqbal*, the Supreme Court set forth a "two-pronged" approach for analyzing a motion to dismiss. 556 U.S. at 679.  First, a court must accept a plaintiff's factual allegations as true and draw all reasonable inferences from those allegations in the plaintiff's favor.  *Id.* at 678. This assumption of truth does not apply to legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.

Second, a court must determine whether the complaint's "well-pleaded factual allegations . . . plausibly give rise to an entitlement to relief."  *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. at 678 (citing *Twombly*, 550 U.S. at 556-57).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  In *pro se* cases, courts must "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions 'to raise the strongest arguments they suggest.'"  *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

In this case, the Court previously dismissed Johnson's claims against Commissioner Pallito. Johnson's most recent filing (Doc. 40), docketed by the Clerk's Office and construed by Pallito as an Amended Complaint, offers no new facts to alter the Court's prior rulings. Specifically, Pallito's Eleventh Amendment argument is unchallenged, and there are no new allegations to support a different conclusion with regard to Pallito's personal involvement. Indeed, Johnson's latest pleading makes no reference at all to the Commissioner.

Johnson does reiterate his claim that Dan Souliere wrongfully fired him from his kitchen job, but identifies only the State of Vermont as a Defendant. He also restates his claims of unconstitutional treatment, both in the kitchen incident and the key investigation, but his allegations largely repeat those found insufficient in the initial Complaint. Without additional factual support for these claims, Pallito's initial arguments for dismissal remain valid.

Accordingly, the (Second) Amended Complaint does not cure any of the deficiencies that led to the dismissal of the initial Complaint. It also seems that Johnson may not understand that an Amended Complaint takes the place of a prior Complaint, as his latest pleading, standing alone, is not a document to which a defendant could reasonably be expected to respond. I therefore recommend that the Court GRANT Pallito's pending Motion to Dismiss, with further leave to amend as set forth below.[1]

---

[1] To the extent that the State of Vermont is now a party, all claims against it are barred by the Eleventh Amendment. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

## II.     Leave to Amend

The Second Circuit has held that "sparse pleadings by a *pro se* litigant unfamiliar with the requirements of the legal system may be sufficient to at least permit the plaintiff to amend his complaint to state a cause of action." *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994). Furthermore, the Federal Rules of Civil Procedure state that "the court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[D]ismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." *Boykin v. Keycorp*, 521 F.3d 202, 216 (2d Cir. 2008).

Here, Johnson may still be able to allege a plausible cause of action or series of causes against the responsible defendant or defendants. To date, however, and despite repeated and specific instructions from the Court, he has not done so. There will come a point at which the Court might deem any further amendment as futile, and dismiss the case with finality. *See, e.g.*, *Dyson v. N.Y. Health Care, Inc.*, 353 F. App'x 502, 503 (2d Cir. 2009) (noting that "the district court did not abuse its discretion by dismissing [plaintiff's] third amended complaint with prejudice," where plaintiff had been afforded multiple opportunities to file an amended complaint, and where plaintiff ignored specific instructions from the court). Nonetheless, in a case such as this where claims have been dismissed on grounds other than their merits, further leave to amend may be warranted. I therefore recommend that the Court grant such leave.

If Johnson chooses to file an amended pleading, it must be entitled "Third Amended Complaint," include a case caption and a jurisdictional statement, clearly identify all named defendant(s), and set forth a short and plain statement of each claim so

as to establish a plausible claim of liability on the part of each defendant. Every paragraph of the Third Amended Complaint should be numbered. **The Third Amended Complaint will replace all prior Complaints, thereby invalidating both the original Complaint and all subsequent Amended Complaints.** The Third Amended Complaint should be filed within twenty-one days of the Court's ruling on this Report and Recommendation, and failure to do so should result in the dismissal of this case with prejudice.

<u>Conclusion</u>

For the reasons set forth above, I recommend that Pallito's Motion to Dismiss (Doc. 42) be GRANTED, and that Johnson be granted further leave to amend. Failure to file a timely Third Amended Complaint should result in the dismissal of this case with prejudice.

Dated at Burlington, in the District of Vermont, this 17th day of May, 2013.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).