```
                UNITED STATES DISTRICT COURT
                        FOR THE
                   DISTRICT OF VERMONT
```

Edward Johnson,                       :
    Plaintiff,                    :
                                  :
    v.                            : File No. 2:12 CV 138
                                  :
Andrew Pallito, Commissioner,         :
Vermont Department of                 :
Corrections,                          :
    Defendant.                    :

ORDER

The Report and Recommendation of the United States Magistrate Judge was filed February 11, 2014. Defendants' objections were filed February 18, 2014 and Plaintiff's objections were filed February 24, 2014.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Perez-Rubio v. Wyckoff*, 718 F.Supp. 217, 227 (S.D.N.Y. 1989). The district judge may "accept, reject, or modify, in whole or in part, the magistrate's proposed findings and recommendations." *Id.*

After careful review of the file, the Magistrate Judge's Report and Recommendation, and the objections, this Court ADOPTS the Magistrate Judge's recommendations in full with the exception of Plaintiff's "class of one" equal protection claims. Those claims are REMANDED for further consideration and proceedings.

In their objection to the Report and Recommendation, Defendants argue that Plaintiff has failed to state a "class of one" equal protection claim under, *inter alia*, *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591 (2008).  The Court notes that Defendants did not cite *Engquist* in their motion to dismiss or related briefing.  The Court nonetheless has discretion to consider matters raised for the first time in an objection to a Report and Recommendation.  *See Wells Fargo Bank N.A. v. Sinnott*, 2010 WL 297830, at *2 (D. Vt. Jan. 19, 2010).

Plaintiff claims that individual Defendants fired him from his prison kitchen job and placed him in administrative segregation, both in violation of his constitutional rights.  Giving Plaintiff's *pro se* pleadings the required liberal reading, the Court has previously construed those allegations as "class of one" equal protection claims.  Defendants now raise *Engquist*, which held that "the class of one theory of equal protection has no place in the public employment context."  553 U.S. at 594.  *Engquist* further noted that "some forms of state action . . . by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments," *id.* at 603, and "suggested in dictum that a class of one challenge may be inappropriate whenever government action results from the exercise of discretionary authority."  *Spiegel v. Adirondack*

2

*Park Agency*, 662 F. Supp. 2d 243, 257 (N.D.N.Y. 2009) (citing *Engquist*, 553 U.S. at 603-06).

Defendants argue that Plaintiff's job termination and his placement in administrative segregation were each discretionary, and that his "class of one" claims therefore fail as a matter of law.  This issue is respectfully REMANDED to Magistrate Judge Conroy so that he may conduct any necessary proceedings and submit a supplemental Report and Recommendation.  IT IS HEREBY ORDERED that Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 56) is otherwise GRANTED in part and DENIED in part as set forth in the Magistrate Judge's Report and Recommendation.

Dated at Burlington, in the District of Vermont, this 5th day of March, 2014.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge
