UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Edward Johnson,

      Plaintiff,

      v.                                            Civil Action No. 2:12-cv-138

Andrew Pallito et al.,

      Defendants.

## SUPPLEMENTAL REPORT AND RECOMMENDATION
(Doc. 56)

Edward Johnson, a Vermont inmate proceeding *pro se*, brings this action under 42 U.S.C. § 1983 claiming that he was wrongfully terminated from his job in the prison kitchen and that, in a separate incident, he was wrongfully placed in administrative segregation during an investigation of a missing handcuff key.  According to Johnson, the allegedly discriminatory termination and administrative segregation violated his rights under the Eighth Amendment and under the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

In a Report and Recommendation (R&R) filed February 11, 2014, I recommended that Defendants' Motion to Dismiss Johnson's Third Amended Complaint (Doc. 56) be granted in part and denied in part.  (*See* Doc. 57.)  Specifically, I recommended that "[a]ll claims against all Defendants should be DISMISSED with the following exceptions: (1) Johnson's equal protection claim against Dan Souliere in his individual capacity for

Johnson's allegedly discriminatory job termination, and (2) Johnson's due process and equal protection claims against Superintendent Potanas in his individual capacity for Johnson's allegedly discriminatory administrative segregation." (Doc. 57 at 26.) Johnson and Defendants each filed objections. (*See* Docs. 58, 59.) In an Order filed March 6, 2014, the Court adopted the February 11, 2014 R&R in full with the exception of Johnson's class-of-one equal protection claims, and remanded those claims to the undersigned for further consideration and proceedings. (Doc. 60 at 1.)

Defendants have filed a memorandum on the class-of-one equal protection claims. (Doc. 64.) Johnson has not filed any supplemental memorandum. For the reasons stated below, I recommend that Defendants' Motion to Dismiss (Doc. 56) with respect to Johnson's class-of-one equal protection claims be GRANTED.

## Background

The relevant factual allegations and procedural history are set forth in the February 11, 2014 R&R. Briefly, the "class-of-one" equal protection claims are as follows. Johnson claims that Dan Soiliere treated him differently by firing him from a kitchen job because he had not been out of disciplinary segregation for 30 days prior to being hired, whereas another inmate was hired without having to wait for 30 days. Johnson also claims that Superintendent Potanas treated him differently than two other inmates by placing Johnson in administrative segregation for an incident with a handcuff key, while two other inmates who were suspects in the incident were allowed to stay in the general population.

## Analysis

As Defendants correctly point out, "[a] class-of-one claim exists 'where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Analytical Diagnostic Labs, Inc. v. Kusel*, 626 F.3d 135, 140 (2d Cir. 2010) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)).  To succeed on a class-of-one claim, a plaintiff must show that:

> (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake.

*Id.* (quoting *Nielson v. D'Angelis*, 409 F.3d 100, 104 (2d Cir. 2005)).

Defendants also correctly note that "some types of state action inherently 'involve discretionary decisionmaking based on a vast array of subjective, individualized assessments.'" *Id.* at 141 (quoting *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 603 (2008)).  "Such state action does not violate the Equal Protection Clause 'when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted.'" *Id.* (quoting *Engquist*, 553 U.S. at 603).  *Engquist* makes clear that public-employment decisions involve precisely that discretion, and are one example of the kind of state action that does not violate the equal protection guarantee.  *See id.*  The holding in *Engquist* was "limited to finding 'that the class-of-one theory of equal protection has no application in the public employment

3

context.'"  *Id.* (quoting *Engquist*, 553 U.S. at 607).  However, the Second Circuit has recognized that "there may be some circumstances where *Engquist* is properly applied outside of the employment context."  *Id.* at 142; *see also Spiegel v. Adirondack Park Agency*, 662 F. Supp. 2d 243, 257 (N.D.N.Y. 2009) (noting that the Supreme Court in *Engquist* "suggested in dictum that a class of one challenge may be inappropriate whenever government action results from the exercise of discretionary authority").

One "'crucial difference'" in determining whether a government's determination is the kind of inherently discretionary decisionmaking that does not violate the Equal Protection Clause is whether the government was "'exercising the power to regulate or license, as lawmaker'" or whether the government was "'acting as proprietor, to manage its internal operations.'"  *Analytical Diagnostic Labs*, 626 F.3d at 142 (quoting *Engquist*, 553 U.S. at 598).  "The 'government has significantly greater leeway in its dealings with citizen employees than it does when it brings its sovereign power to bear on citizens at large.'"  *Id.* (quoting *Engquist*, 553 U.S. at 598).

**I.   Job-Termination Claim Against Dan Souliere**

Defendants assert that *Engquist* controls and bars Johnson's job-termination claim.  For the reasons below, I agree.  The mere fact that Johnson is an inmate and Engquist is a civilian would not seem to be a principled basis upon which to attempt to distinguish *Engquist*.  *See, e.g.*, *Lyons v. Bisbee*, No. 3:07-cv-0460-LRH (RAM), 2011 WL 2313652, at *17 n.4 (D. Nev. Apr. 7, 2011) ("The court sees no distinction between this case where Plaintiff is an inmate worker and *Engquist*, involving a civilian worker."), *adopted*, 2011 WL 2293333 (D. Nev. June 9, 2011).

Johnson might argue that his case is different than *Engquist*, because, according to him, he was not terminated based on considerations of a "vast array of subjective, individualized assessment," but was instead terminated based solely on an arbitrary application of the 30-day rule. *Engquist*, 553 U.S. at 603. The dissent in *Engquist* suggested that such cases might arise, and asserted that categorically excluding all class-of-one claims in public-employment cases would prevent review of at least some potentially meritorious claims. *See Id.* at 612 (Stevens, J., dissenting) ("[T]here is a clear distinction between an exercise of discretion and an arbitrary decision."). The majority of the Court, however, held that "a 'class-of-one' theory of equal protection has no place in the public employment context." *Id.* at 594 (opinion of the Court). Given that Johnson's employment in a correctional facility is analogous to the public employment at issue in *Engquist*, the holding of that case controls here and bars Johnson's class-of-one equal protection claim against Dan Souliere.

## II.     Administrative-Segregation Claim Against Superintendent Potanas

Defendants do not attempt to argue that any decision Superintendent Potanas made regarding Johnson's administrative segregation for the handcuff-key incident was an employment decision. Instead, Defendants maintain that it was the same kind of inherently discretionary decisionmaking based on myriad subjective and individualized assessments. That analysis is persuasive. Any decision that Superintendent Potanas made on this subject would not have been a governmental act equivalent to lawmaking. Rather, the decision would have been made to manage the facility's internal operations. It would require consideration of numerous individualized issues. As examples,

5

Defendants suggest that the decision would likely have required considerations of Johnson's disciplinary history, the integrity of the handcuff-key investigation, the availability of cells, the availability of staff, and Johnson's safety as well as the safety of other inmates.  (Doc. 64 at 3.)

Other courts have held that *Engquist* prohibits class-of-one claims against prison officials for similarly subjective decisionmaking.  *See Barnes v. Abdullah*, No. 11 Civ. 8168(RA), 2013 WL 3816586, at *6 (S.D.N.Y. July 22, 2013) (concluding that defendant-prison officials were "acting within their discretion when they removed Barnes from the ASAT [Alcohol and Substance Abuse Treatment] program, and allowing a challenge based on the singling out of a particular inmate could 'undermine the very discretion that such state officials are entrusted to exercise'" (quoting *Engquist*, 553 U.S. at 603)); *Barber v. Perdue*, No. 9:11-CV-0127 (NAM/DEP), 2012 WL 5996342, at *8 (N.D.N.Y. Nov. 9, 2012) (decision to transfer inmate involved no objective standard, and was a discretionary decision to which *Engquist* applied to bar any class-of-one challenge), *adopted*, 2012 WL 5996866 (N.D.N.Y. Nov. 30, 2012).  For these reasons, I conclude that Johnson has failed to state a class-of-one equal protection claim against Superintendent Potanas for Johnson's administrative segregation arising out of the handcuff-key incident.

## Conclusion

For the reasons set forth above, I recommend that Defendants' Motion to Dismiss (Doc. 56) with respect to Johnson's class-of-one equal protection claims be GRANTED.

Dated at Burlington, in the District of Vermont, this 21st day of April, 2014.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).